The Honorable Doug GatewoodState Representative, 1st District State Capitol, Room 135-N Topeka, Kansas 66612
Dear Representative Gatewood:
As state representative for the 1st District, you request a determination as to the constitutionality of 2009 House Bill 2009 (HB 2009). HB 2009 provides, in part:
 "The [exemptions of property or ad valorem taxes for all electric transmission lines and appurtenances] shall not apply to electric transmission lines and appurtenances which are used only by utilities located outside the state for the transmission of electricity to out-of state consumers or to out-of-state utilities."
Your question requires an analysis under the Commerce Clause and Supremacy Clauses of the United States Constitution.[1] HB 2009 repeals the exemption from property tax for out-of-state utilities while still providing the exemption to in-state utilities with electric transmission lines and appurtenances. By favoring in-state utilities the proposed bill appears to violate the dormant Commerce Clause of the U.S. Constitution.[2] However, this question need not be addressed because the bill violates federal law, specifically 15 U.S.C. § 391, [3] and is therefore invalid under the Supremacy Clause.[4]
 15 U.S.C. § 391 provides:
 "No State, or political subdivision thereof, may impose or assess a tax on or with respect to the generation or transmission of electricity which discriminates against out-of-State manufacturers, producers, wholesalers, retailers or consumers of that electricity. For purposes of this section a tax is discriminatory if it results, either directly or indirectly, in a greater tax burden on electricity which is generated and transmitted in interstate commerce than on electricity which is generated and transmitted in intrastate commerce."
The amendment to K.S.A. 2008 Supp. 79-259, as proposed in HB 2009, would be an indirect, and therefore discriminatory, tax that burdens out-of-state utilities by removing said utilities' exemption from state taxation.
Sincerely,
Steve Six Attorney General
Teri Canfield-Eye Assistant Attorney General
SS:MF:TC:jm
[1] U.S. Const., Art. 1, § 8, cl. 3; Art. 6, cl. 2.
[2] U.S. Const., Art. 1, § 8, cl. 3.
[3] The United States Senate Finance Committee's Report reveals, however, that the authority for the statute's promulgation was based on Congressional power to regulate interstate commerce. S. Rep. No. 94-938, pt. I, pp. 437-38 (1976).
[4] Arizona Public Service Company, et al. v. Snead, 441 U.S. 141,146, 99 S. Ct. 1629, 60 L.Ed.2d 106 (1979) (invalidating New Mexico's energy tax statute that discriminated against out-of-state consumers by indirect means, not reaching substantive constitutional issues under Commerce, Due Process, and Import-Export Clauses).